UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MICHAEL MORGAN,

                    Petitioner,

          -against-

SHERIFF ARTETET,

                    Respondent.

25-CV-6147 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Petitioner, who is currently detained in the Orange County Jail, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his possibly ongoing criminal proceedings in what is likely the New York Supreme Court, Orange County. By order dated September 26, 2025, the court granted Petitioner's request to proceed *in forma pauperis*. For the reasons set forth below, the Court grants Petitioner 60 days' leave to file a petition for *habeas corpus* under 28 U.S.C. § 2241 or an amended petition under Section 2254.

### STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner uses the court's form to file a petition for *habeas corpus* under 28 U.S.C. § 2254, but the information provided in it is exceedingly confusing. Although he lists his date of conviction and date of sentencing as "May 5th," he states that he was "sentenced" to a "730 evaluation," which the Court understands to be a reference to Article 730 of the New York Criminal Procedure Law, which provides for a psychological examination to determine whether a criminal defendant is mentally fit to stand trial.[1] (ECF 1, at 1.) In response to the question on the petition form asking him to identify the crimes of which he was convicted, Petitioner writes, "Attempted murder robby 2d causes fizical injury 2 charges dissmissial time served 6 other charges [illegible] I never got too go too tha grand jury plus too original charges no grand jury." (*Id.*)

Petitioner states that he did not appeal his "conviction." He does allege, however, that he filed a petition for a writ of *habeas corpus* in the Orange County Supreme Court, in which he raised the following ground for relief:

> George Washington dad King Queen Vivian Washington husband American flag inventor plus inventing Jesus children tew to God in Jezojudahcana Jesajudah and Martha I invent month of March off of her name and my middle name plus

---

[1] The Court quotes from the petition verbatim. All spelling, grammar, and punctuation are as in the original petition unless otherwise indicated.

inventing Maritaliacana for Martha tew be a god and Meritaliacana for Martha
child tew be god Martha Washington I mean I love.

(*Id.* at 3.) Petitioner does not indicate any result of that submission.

In this petition, Petitioner lists four grounds for relief: (1) "I am George Washington dad
inventor of Washington last name Morgan Shay plus American flag and [illegible] for Martha
Washington tew to god Maracanna Maritaliacana" (*id.* at 5); (2) "America flag inventor" (*id.* at
6.); (3) Every color haet medal inventor Banner attest I am a God hort shaped [illegible] silver
dollar future" (*id.* at 8); and (4) "50 purple 4 leef [illegible] flag plus every color star on blue I'm
trying tew invert flag" (*id.* at 9).

In support of his grounds, Petitioner alleges facts such as, "Lack of timely minutes for 6
charges lack of grand jury lack of preliminary hearing lack of arrainment 2 charges got
preliminary and arrainment but no grand jury then 2 month later 6 new charges indictment with
no grand jury [illegible] and lawyer I didn't want told me not tew talk." (*Id.* at 8.)

Petitioner checks boxes on the petition form to indicate that he did not exhaust any of his
grounds for relief in the state court.

Petitioner does not state the relief that he seeks. (*See id.* at 14.)

## DISCUSSION

### A.    Status of Petitioner's criminal proceedings

Although Petitioner brings his claims using a Section 2254 form petition, it is unclear
whether he has been convicted. Section 2254 does not apply in cases where a defendant has not
been convicted. Section 2254 is the proper vehicle to challenge a state court conviction when the
petition is brought by an individual who is in custody pursuant to a judgment of conviction. *See*
28 U.S.C. § 2254(a) (federal courts have jurisdiction to hear a Section 2254 petition filed on
"behalf of a person in custody pursuant to the judgment of a State court"). If a judgment of

conviction has not been entered in Petitioner's case, he cannot challenge his criminal proceedings in a Section 2254 petition.

A *habeas corpus* petition brought under 28 U.S.C. § 2241 is the proper vehicle to challenge the constitutionality of pretrial detention. *See, e.g.*, *Taylor v. New York City*, No. 20-CV-5036 (MKV), 2020 WL 4369602, at *1 (S.D.N.Y. July 30, 2020) (construing claim by pretrial detainee seeking release due to COVID-19 exposure as arising under Section 2241 (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973))).

Here, it is unclear whether Petitioner has been convicted. He appears to state that the trial court directed him to undergo an examination under Article 730 of the New York Criminal Procedure Law, which suggests his criminal proceedings may be ongoing. Petitioner also fails to state the relief he is seeking. The Court grants Plaintiff leave to file an amended petition that states whether he is challenging a final judgment of conviction under Section 2254, or whether he is seeking to challenge his pretrial detention in a petitioner under Section 2241.

## B.    Rule 2

The petition, in its current state, does not specify the federal grounds upon which *habeas corpus* relief is sought or the facts that support those grounds. Under Rule 2(c)(1) and (2) of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), a *habeas corpus* petition must specify all of the petitioner's grounds for relief, and it must include all the facts that support those grounds.[2] A petition must permit the Court and the

---

[2] There are no such rules for Section 2241 petitions. However, these rules, which govern *habeas corpus* petitions brought under 28 U.S.C. § 2254, may be applied to other types of *habeas corpus* petitions. *See* Rule 1(a) and (b) of the Section 2254 Rules. Furthermore, Rule 8 of the Federal Rules of Civil Procedure, which requests a petition to allege enough facts to state a plausible claim, *see Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 570 (2007), also applies to petitions under Sections 2241 and 2254.

respondent to comprehend both the grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

The present petition does not conform to Rule 2(c)(1) or (2). It provides no coherent grounds for *habeas corpus* relief, and it provides little or no facts with respect to any challenge Petitioner seeks to bring. In fact, Petitioner does not even state the relief he seeks. Even with the liberal construction that must be applied to a *pro se* petition, neither the Court nor any respondent would be able to discern the legal basis for any relief. If Petitioner files an amended petition, he must include in it all his grounds for relief that arise under federal law and all facts that support those grounds.

**C.      Exhaustion of state court remedies**

A petitioner challenging a state court conviction must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under Section 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). Although Section 2241 does not contain a statutory exhaustion requirement, the statute has been interpreted as requiring a petitioner to exhaust available state court remedies prior to seeking any relief thereunder in federal court. *See United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("[D]ecisional law has superimposed [an exhaustion] requirement in order to accommodate principles of federalism.").

This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with a petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal

premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust any issues for the purpose of *habeas corpus* review, a petitioner must appeal his judgment of conviction to the New York State Supreme Court, Appellate Division. N.Y. Crim. P. L. § 460.70. Should that court's decision adversely affect a petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest state court. *Id.* at § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Should a petitioner raise for *habeas corpus* relief any grounds raised in N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must show that those grounds have been completely exhausted by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

A petitioner who has not exhausted available state court remedies generally may seek a writ of *habeas corpus* only if he: (1) establishes cause for the failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Petitioner does not allege facts demonstrating that he has exhausted his state court remedies with respect to any ground for relief. To the extent he is seeking to challenge a judgment of conviction under Section 2254, he does not allege that he has appealed any such judgment to the Appellate Division and sought leave to appeal from the Court of Appeals. To the extent he is challenging his pretrial detention under Section 2241, he does not allege that he has exhausted any ground for relief by raising them in the state courts. If Petitioner files an amended

petition, he must allege facts showing that he exhausted his state court remedies in the manner set forth above.

## CONCLUSION

Petitioner is directed to file an amended petition that addresses the deficiencies identified above. The amended petition must be submitted to this Court's *Pro Se* Office within 60 days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition For A Writ Of *Habeas Corpus* Under 28 U.S.C. § 2254 form and an Amended Petitioner For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241 form are attached to this order. Petitioner should complete the appropriate petition form as specified above. **He should complete and submit only one of the forms.** Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Section 2254 petition will be denied without prejudice.

No answer shall be required at this time.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:     October 23, 2025
            New York, New York

_____
LOUIS L. STANTON
U.S.D.J.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## AMENDED PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28

## U.S.C. § 2241 Instructions

1.  **Who Should Use This Form**.  You should use this form if
    - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
    - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
    - you are alleging that you are illegally detained in immigration custody.

2.  **Who Should Not Use This Form**.  You should not use this form if
    - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
    - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
    - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3.  **Preparing the Petition**.  The petition must be typed or neatly written, and you must sign and date it under penalty of perjury.  **A false statement may lead to prosecution.**

    All questions must be answered clearly and concisely in the space on the form.  If needed, you may attach additional pages or file a memorandum in support of the petition.  If you attach additional pages, number the pages and identify which section of the petition is being continued.  Note that some courts have page limitations. All filings must be submitted on paper sized 8½ by 11 inches.  **Do not use the back of any page.**

4.  **Supporting Documents**.  In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5.  **Required Filing Fee**.  You must include the $5 filing fee required by 28 U.S.C. § 1914(a).  If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6.  **Submitting Documents to the Court**.  Mail your petition and  _0_  copies to the clerk of the United States District Court for the district and division in which you are confined.  For a list of districts and divisions, see 28 U.S.C. §§ 81-131.  All copies must be identical to the original.  Copies may be legibly handwritten.

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7.  **Change of Address**.  You must immediately notify the court in writing of any change of address.  If you do not, the court may dismiss your case.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

|  |  |
|---|---|
| _____<br>*Petitioner*<br><br>v.<br><br>_____<br>*Respondent*<br>*(name of warden or authorized person having custody of petitioner)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. _____

*(Supplied by Clerk of Court)*

## AMENDED

### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

#### Personal Information

1.  (a)  Your full name: _____

    (b)  Other names you have used: _____

2.  Place of confinement:

    (a)  Name of institution: _____

    (b)  Address: _____

    _____

    (c)  Your identification number: _____

3.  Are you currently being held on orders by:

    ❏ Federal authorities        ❏ State authorities        ❏ Other - explain:

    _____

4.  Are you currently:

    ❏ A pretrial detainee (waiting for trial on criminal charges)

    ❏ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a)  Name and location of court that sentenced you: _____

    _____

    (b)  Docket number of criminal case: _____

    (c)  Date of sentencing: _____

    ❏ Being held on an immigration charge

    ❏ Other *(explain)*: _____

    _____

    _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Decision or Action You Are Challenging**

5.      What are you challenging in this petition:

❏ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*: _____

_____
_____

6.      Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court: _____

_____

(b)  Docket number, case number, or opinion number: _____

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

_____
_____
_____

(d)  Date of the decision or action: _____

**Your Earlier Challenges of the Decision or Action**

7.      **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❏ Yes                    ❏ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____
_____
_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b) If you answered "No," explain why you did not appeal: _____

_____

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes                    ❏ No

(a) If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❏ Yes                    ❏ No

(a) If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

    (b)  If you answered "No," explain why you did not file a third appeal: _____

_____

10.    **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ❏ Yes        ❏ No

    If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ❏ Yes        ❏ No

        If "Yes," provide:

        (1)  Name of court: _____

        (2)  Case number: _____

        (3)  Date of filing: _____

        (4)  Result: _____

        (5)  Date of result: _____

        (6)  Issues raised: _____

        _____

        _____

        _____

        _____

        _____

    (b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

        ❏ Yes        ❏ No

        If "Yes," provide:

        (1)  Name of court: _____

        (2)  Case number: _____

        (3)  Date of filing: _____

        (4)  Result: _____

        (5)  Date of result: _____

        (6)  Issues raised: _____

        _____

        _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

_____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❏ Yes                ❏ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

❏ Yes                ❏ No

If "Yes," provide:

(1)  Date of filing: _____

(2)  Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

❏ Yes                ❏ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Date of filing: _____

(3)  Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

    _____

    _____

    _____

    _____

    _____

12.    **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ❏ Yes        ❏ No

    If "Yes," provide:

    (a)  Kind of petition, motion, or application: _____

    (b)  Name of the authority, agency, or court: _____

    _____

    (c)  Date of filing: _____

    (d)  Docket number, case number, or opinion number: _____

    (e)  Result: _____

    (f)  Date of result: _____

    (g)  Issues raised: _____

    _____

    _____

    _____

    _____

    _____

### Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

    **GROUND ONE**: _____

    _____

    _____

    _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b)  Did you present Ground One in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND TWO**: _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b)  Did you present Ground Two in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND THREE**: _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b)  Did you present Ground Three in all appeals that were available to you?

❏ Yes                    ❏ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**: _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

❐ Yes                ❐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did
       not: _____

       _____

       _____

**Request for Relief**

15.  State exactly what you want the court to do: _____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _____

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

AO 241
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

### Instructions

1.    To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.    You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.    Make sure the form is typed or neatly written.

4.    You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.    Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.    You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.    In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.    When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.    <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10.    <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                                      Page 2
(Rev. 06/13)                                            **AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| | v. |

The Attorney General of the State of

**AMENDED**
**PETITION**

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:



       (b) Criminal docket or case number (if you know):

2.    (a) Date of the judgment of conviction (if you know):

       (b) Date of sentencing:

3.    Length of sentence:

4.    In this case, were you convicted on more than one count or of more than one crime?    ❑  Yes       ❑  No

5.    Identify all crimes of which you were convicted and sentenced in this case:






6.    (a) What was your plea? (Check one)

                    ❑   (1)      Not guilty         ❑   (3)      Nolo contendere (no contest)

                    ❑   (2)      Guilty             ❑   (4)      Insanity plea

AO 241
(Rev. 06/13)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❐ Jury     ❐ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❐ Yes     ❐ No

8.     Did you appeal from the judgment of conviction?

❐ Yes     ❐ No

9.     If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ❐ Yes     ❐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 06/13)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ❏  Yes     ❏  No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ❏  Yes     ❏  No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes     ❏  No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 06/13)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 06/13)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes     ❑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ❑ Yes     ❑ No

(2) Second petition:     ❑ Yes     ❑ No

(3) Third petition:     ❑ Yes     ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 06/13)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏  Yes     ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes     ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏  Yes     ❏  No

(4) Did you appeal from the denial of your motion or petition?     ❏  Yes     ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏  Yes     ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:


**GROUND TWO:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


(b) If you did not exhaust your state remedies on Ground Two, explain why:


(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏  Yes        ❏  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:


(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes      ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ❒  Yes        ❒  No

(4) Did you appeal from the denial of your motion or petition?               ❒  Yes        ❒  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❒  Yes   ❒  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)        **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

           have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❐  Yes      ❐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐  Yes      ❐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      ❐  Yes      ❐  No

(4) Did you appeal from the denial of your motion or petition?      ❐  Yes      ❐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ❐  Yes      ❐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❒   Yes        ❒   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒   Yes        ❒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❏ Yes  ❏ No

(4) Did you appeal from the denial of your motion or petition?  ❏ Yes  ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏ Yes  ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

13.    Please answer these additional questions about the petition you are filing:

   (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

           having jurisdiction?    ❐ Yes    ❐ No

           If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

           presenting them:

   (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

           ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

       that you challenge in this petition?    ❐ Yes    ❐ No

       If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

       raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

       of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

       the judgment you are challenging?    ❐ Yes    ❐ No

       If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

       raised.

AO 241
(Rev. 06/13)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ❏ Yes     ❏ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ❏ Yes     ❏ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print    Save As...    Reset