UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MICHAEL MORGAN,

               Petitioner,

      -against-

SHERIFF ARTETET,

             Respondent.

25-CV-6147 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Petitioner brought this action *pro se*. By order dated September 26, 2025, Chief Judge Laura Taylor Swain granted Petitioner's application to proceed *in forma pauperis* ("IFP"). This action was subsequently reassigned to the undersigned. By order dated October 24, 2025, the Court directed Petitioner to file an amended petition for a writ of *habeas corpus* within 60 days. (ECF 5.) Petitioner did not submit an amended petition within the time prescribed, and, by order dated April 27, 2026, and entered on April 29, 2026, the Court denied the petition. (ECF 6.) The Clerk of Court entered judgment on April 30, 2026. (ECF 7.) On June 3, 2026, the Court received from Plaintiff (1) a notice of appeal of the April 30, 2026 judgment (ECF 8); (2) a motion for an extension of time to file a notice of appeal (ECF 9); and (3) a motion for leave to proceed IFP on appeal (ECF 10). Each of those documents were signed by Petitioner on May 26, 2026. For the reasons set forth below, the Court denies both motions as unnecessary.

**A.     Motion for extension of time to file an appeal**

A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). The Clerk of Court entered the judgment denying the petition on April 30, 2026. (ECF 7.) Thus, under Rule 4(a)(1)(A), Petitioner had 30 days from that date, or until June 1, 2026, to file a timely notice of

appeal.[1] Under the so-called "prison mailbox rule," Petitioner is considered to have filed his notice of appeal on May 26, 2026, the date Petitioner signed the document.[2] Petitioner's notice of appeal is therefore timely. Accordingly, the Court denies Petitioner's motion for an extension of time to file a notice of appeal as unnecessary.

**B.      Motion for IFP on appeal**

Rule 24(a)(3) of the Federal Rules of Appellate Procedure states that

> [a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court . . . certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("'[G]ood faith' in this context must be judged by an objective standard"; that is, when a plaintiff "seeks appellate review of any issue [that is] not frivolous.").

---

[1] The expiration of that 30-day period actually fell on Saturday, May 30, 2026. Because the last day of that period fell on a Saturday, the period is extended to the next court business day, Monday, June 1, 2026. *See* Fed. R. App. P. 26(a)(1)(C).

[2] Under this rule, a *pro se* prisoner's court submissions are deemed filed when they are handed over to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988). It appears that Petitioner, who is incarcerated, handed over to prison officials for mailing his notice of appeal, motion for an extension of time to file a notice of appeal, and motion for leave to proceed IFP on appeal on or about May 26, 2026, the date that he signed all of those documents. (ECF 8-10). Thus, it seems that Petitioner filed his notice of appeal on May 26, 2026. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) ("[W]e have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." (citing cases)); *Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison-mailbox rule).

As noted above, Chief Judge Laura Taylor Swain granted Petitioner's request to proceed IFP. The Court did not deny the petition as frivolous and has not certified that any appeal would not be taken in good faith or otherwise revoked Petitioner's IFP status. Because Petitioner's IFP status has not been revoked, under Rule 24(a), he may proceed IFP on appeal without further authorization from this court. The Court therefore denies Petitioner's request to proceed IFP on appeal as unnecessary.

## CONCLUSION

The Court denies Petitioner's motion for an extension of time to file a notice of appeal as unnecessary because his notice of appeal is timely. (ECF 9.)

The Court also denies Petitioner's motion to proceed IFP on appeal as unnecessary because his IFP status has never been revoked. (ECF 10.)

SO ORDERED.

Dated:    June 12, 2026
          New York, New York

_____
              Louis L. Stanton
              U.S.D.J.

3